## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**BRANDON GENE PERONA,**

      **Plaintiff,**                        **CASE NO.:**

**v.**

                                         **JURY TRIAL DEMANDED**

**LEXISNEXIS RISK SOLUTIONS INC.,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, BRANDON GENE PERONA, (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby brings this Complaint against LEXISNEXIS RISK SOLUTIONS INC. (hereinafter "LEXIS" or "Defendant") under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* relating to the mixing or merging of Plaintiff's consumer reports with that of another consumer. In support thereof, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This action arises out of Defendant's repeated violations of the Fair Credit Reporting Act, 15  U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. 3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here. 28 U.S.C. § 1391(b)(2).

### PARTIES

3. Plaintiff is a natural person who resides in Middleburg, Florida, Clay County, Florida and is a "consumer" as defined by the FCRA in 15 U.S.C. § 1681a(c).

1

4. LEXIS is a foreign corporation authorized to do business in the State of Florida.

5. LEXIS is a "consumer reporting agency," as defined by the FCRA in 15 U.S.C. § 1681a(f).

6. LEXIS is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined by the FCRA in 15 U.S.C. § 1681a(d) to third parties.

7. LEXIS disburses such consumer reports to third parties under contracts for monetary compensation.

## FACTUAL ALLEGATIONS

8. Plaintiff has been trying to correct Defendant's merge of his credit file with Brandon Keith Gray for **over ten years.**

9. For unknown reason, Defendant merged his file with "Brandon Keith Gray." Brandon Keith Gray was found at fault for multiple automobile accidents which were reported under Plaintiff's credit file.

10. While Plaintiff served in the Navy, he was unable to obtain a high security Navy nuclear program position due to the derogatory information (auto repossession) on his consumer report from Defendant's merge.

11. Plaintiff has had years of excessive auto insurance premiums due to Defendant's incorrect reporting.

12. In 2006, Plaintiff was declined for a mortgage due to an auto repossession that belonged to "Brandon Keith Gray."

13. Plaintiff made multiple disputes over the past ten years and some information has been removed but to date, Defendant, is still reporting multiple material inaccuracies.

14. In November 2022, Plaintiff filed a formal detailed dispute with Defendant by telephone ("***telephone dispute")*** requesting LEXIS take action by fixing the incorrect information on his consumer report as it was affecting his credit. Plaintiff went through all of the inaccuracies line by line on the Lexis Report with Defendant's dispute representative in a very lengthy telephone call.

15. Between approximately December 21, 2022 and January 9, 2023, Plaintiff received responses from the ***November telephone dispute*** with a copy of his consumer report from LEXIS with results from his dispute. The response, while, correcting some information, did not address the full extent of the mixed merged information on Plaintiff's file. Defendant LEXIS' updated consumer report still contained multiple inaccuracies belonging to "Brandon Keith Gray." ***See Composite Exhibit A.***

16. On or about March 15, 2023, Plaintiff sent LEXIS a detailed written dispute ("***March 2023 Dispute***") through U.S. mail requesting they correct his file and provide him with a copy of their report with such corrections. ***See Exhibit B.***

17. LEXIS failed to respond to the ***March 2023 dispute*** and failed to perform a reasonable investigation as requested by Plaintiff on several occasions and continued to report inaccurate information on Plaintiff's consumer report.

18. On or about June 1, 2023, Plaintiff sent LEXIS another detailed written dispute (***June 2023 dispute***) through U.S. mail requesting they correct his file and provide him with a copy of their report with such corrections. ***See Exhibit C.***

19. On or about July 8, 2023 Plaintiff received a response from the ***June 2023 dispute*** with a copy of his consumer report from LEXIS with results from his dispute. The response, while, correcting some information, did not address the full extent of the

mixed merged information on Plaintiff's file.  Defendant LEXIS' updated consumer report still contained multiple inaccuracies belonging to another consumer, "Brandon Keith Gray" (which were reported in detail to LEXIS in Plaintiff's previous disputes) including, but not limited to, stating that Plaintiff's wife was married to "Brandon Keith Gray" in Section 4: Marriage and Divorce Records.  The report is rampant with inaccuracies including: inaccurate addresses not belonging to Plaintiff, inaccurate insurance (State Farm Insurance, Peak Property, GEICO) and vehicle information not belonging to Plaintiff, other consumer names (Brandon Keith Gray) not related or associated to Plaintiff, and credit inquiries not initiated nor authorized by Plaintiff. In fact, a word search for "gray" in the copy of the report provided by Defendant results in 58 matches! *See Exhibit D.*

20. Under information or belief, Defendant has provided Plaintiff's consumer reports to third parties with inaccurate information including personal identifying information belonging to another consumer. The inquiries on the most recent consumer report are attached as *Exhibit E.*

21. Defendant has repeatedly failed to conduct a reasonable investigation of Plaintiff's dispute despite Plaintiff providing appropriate identifying information due to the mixed and/or merged consumer file in Defendants' records.

22. Defendant is and has been, for several decades, well aware of the problems with ownership errors in their consumer reports.

23. Defendant has been subject to litigation regarding the accuracy of its matching procedures and have experienced punitive damages awards punishing them for failing to adequately address such problems.

24. These problems have been brought to Defendant's attention through reports by orders and advisory opinions of both the Federal Trade Commission and the Consumer Financial Protection Bureau.

25. Despite a long history of knowledge of such issues, Defendant has continued to create its reports without requiring strict matching of identity information.

26. Under information and belief, Defendant has found it more profitable to be over-inclusive of information in its reports and pay settlements, actual damages, and punitive damages awards against it, rather than correct the underlying problems in their matching procedures.

27. Plaintiff is a disabled Navy veteran supporting a family including two small children and Defendant's refusal to reasonably reinvestigate and correct their reporting has caused him significant damages.

28. Plaintiff has sustained damage by having to pay an increased automobile insurance premium due to the mixed/merged file reported by Defendants to a third party.

29. Plaintiff has also experienced actual damage through emotional distress, stress, anxiety, sleeplessness, inability to access credit and insurance or in paying an increased cost for such.

## COUNT I
### (Violations of FCRA, 15 U.S.C. § 1681e(b) *et seq*.)

30. Plaintiff incorporates by reference, the above one (1) through twenty-nine (29) paragraphs of this Complaint as though fully stated herein.

31. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report

and credit files it published and maintains concerning the Plaintiff.

32. As a result of the conduct, action, and inaction of Defendant, Plaintiff has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit and insurance, increased cost for credit and insurance, stress, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment.

33. Defendant's conduct, action, and inaction was willful rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

34. In the alternative, Defendant's conduct, action, and inaction was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

35. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
### (Violations of FRCRA, 15 U.S.C. § 1681i *et seq.*)

36. Plaintiff incorporates by reference, the above one (1) through twenty-seven (27) paragraphs of this Complaint as though fully stated herein.

37. Defendant violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it knows is unreliable.

38. As a result of the conduct, action, and inaction of Defendant, Plaintiff has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit and insurance, increased cost for credit and insurance, stress, and mental and emotional

pain stemming from the anguish, humiliation, and embarrassment.

39. Defendant's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, costs,  interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted this 18th day of August, 2023,

**STORY | GRIFFIN**

/s/ Max Story_____
Max Story, Esquire
Florida Bar No. 0527238
Austin J. Griffin, Esq.
Florida Bar No. 0117740
328 2ND Avenue North
Jacksonville Beach, Florida 32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
*Attorneys for Plaintiff*